S. Brett Sutton CA Bar No. 143107
brett@suttonhague.com
Jared Hague CA Bar No. 251517
jared@suttonhague.com
Kelsey E. Gunderson CA Bar No. 336989
kelsey@suttonhague.com
SUTTON HAGUE LAW CORPORATION, P.C.
5200 North Palm Avenue, Suite 203
Fresno, CA 93704
Telephone:    559-325-0500
Facsimile:    559-981-1217

Attorneys for Plaintiffs
SHREE KATTEL and SUPRAVA KATTEL


James T. Conley CA Bar No. 224174
james.conley@ogletree.com
Caitlyn B. Emery, CA Bar No. 332987
caitlyn.emery@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:    916-840-3150
Facsimile:    916-840-3159

Attorneys for Defendants WALMART INC. and WAL-MART ASSOCIATES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHREE KATTEL, an individual; and SUPRAVA KATTEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1 through 50 inclusive<br><br>Defendant. | Case No. 1:24-cv-01450-BAM<br><br>**STIPULATION REGARDING PRODUCTION OF CONFIDENTIAL DOCUMENTS AND PROPRIETARY INFORMATION; ORDER**<br><br>Action Filed:    October 11, 2024 |

**IT IS HEREBY STIPULATED** by and between Plaintiffs SHREE KATTEL and SUPRAVA KATTEL (collectively "Plaintiffs") and Defendants WALMART INC. and WAL-MART ASSOCIATES, INC. (collectively "Defendants") (collectively, "the Parties"), through their respective attorneys of record, that a Protective Order be entered by this Court as follows:

1.  This Stipulation and Protective Order shall apply to the production and exchange of all document requests and documents, interrogatories and answers to interrogatories, depositions, request for admissions and responses to requests for admissions, exhibits, pleadings, admission of evidence at trial, and all other information exchanged and furnished in this action by the Parties that are confidential and/or proprietary.

2.  The Parties acknowledge that discovery will require disclosure of information that is private, personal, privileged, confidential, proprietary, or nonpublic. As a result, the Parties agree that they will be required to enter this Stipulation and Protective Order (hereinafter "Order") on the following terms to ensure the continuing confidentiality of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only". The Parties understand that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. Nothing in this Order shall require any party to produce any specific document or category of documents which a party deems inappropriate for production.

## I.   DEFINITIONS OF CONFIDENTIAL MATERIAL

3.  Confidential Material, as used in this Order, consists of the following materials and categories of materials:

(a) Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure and any applicable case law interpreting Federal Rule of Civil Procedure 26(c)(1)(G), contracts, non-public compilations of retail prices; proprietary information, vendor

1 agreements; personnel files; claim/litigation information; nonpublic policies and procedures; medical
2 records; employment offers; competitive analyses, income statements; client or customer
3 information; financial records and statements; vendor agreements, along with other proprietary or
4 confidential information.

5   (b) Materials containing corporate trade secrets, nonpublic research and development
6 data, including, but not limited to, cost data, pricing formulas, inventory management programs, and
7 other sales or business information known to the public; information obtained from a non-party
8 pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed
9 "Highly Confidential – Attorneys' Eyes Only".

10   (c) "Protected Data" shall refer to any information that a party believes in good faith to
11 be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of
12 such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. §
13 6801 et seq. (financial information); and The Health Insurance Portability and Accountability Act
14 and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical
15 information). Certain Protected Data may compel alternative or additional protections beyond those
16 afforded "Highly Confidential – Attorneys' Eyes Only" material, in which event the Parties shall
17 meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

18   4. The Parties shall not designate as confidential information that is already public
19 knowledge.

20   5. The Parties agree that such Confidential Material as described in paragraph 3 above,
21 should be given the protection of an order of this Court to prevent injury through disclosure to
22 persons other than those persons involved in the prosecution or defense of this litigation. A Protective
23 Order will serve to achieve the following: expedite the flow of information, facilitate the prompt
24 resolution of disputes over confidentiality of discovery materials, adequately protect information the
25 Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary
26 uses of such material in preparation for and in the conduct of trial, and address their handling at the
27 end of the litigation.

28

## II. PROCEDURE FOR DESIGNATING INFORMATION AS CONFIDENTIAL

6. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

(a) Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

(b) Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The Parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

7. A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change

by identifying the documents or information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to paragraph(s) (14-15) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

## III.  DATA SECURITY

8. The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

## IV.  CLAWBACK PROVISIONS

9. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

10. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

11. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

13. A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The Parties shall meet and confer regarding any clawback request.

## V. WHO MAY RECEIVE CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

14. *Confidential Material.* Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the Parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

15. *Highly Confidential—Attorneys' Eyes Only Material.* Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

16. *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party

1 named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

17. *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as *Exhibit A*, prior to the disclosure of Confidential Material.

18. *Duties in the Event of Unauthorized Disclosures.* It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

## VI. AUTHORIZED USES OF CONFIDENTIAL MATERIAL

19. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

20. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

21. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

///

## VII. CHALLENGES TO THE DESIGNATION OF CONFIDENTIAL MATERIAL

22.     Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation).  Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel.  Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.  The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.

## VIII. WITHHOLDING OF INFORMATION

23.     *Redactions.*  The Parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (e.g., protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people.  Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed.  The Parties will produce redacted documents in TIFF format (or searchable PDF if production format dictates; or in native format for file types that do not convert well to TIFF/PDF, such as Excel files) with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

## IX. CONFIDENTIAL MATERIAL IN FILINGS, HEARINGS, AND TRIAL

24.     *Confidential Material in Filings.*  Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal). A party that seeks to file under seal any Confidential Material must first obtain a sealing order in compliance with Eastern District of California Local Rule 141. Confidential Material may only be

1  filed under seal in a manner prescribed by the Court for such filings.

2      25. *Manner of Sealing.* In the event Confidential Materials or portions of transcripts are

3  sealed as confidential by the Court or as described in paragraph (25) above, they shall be filed in an

4  envelope bearing the following designation when deposited:

5  **CONFIDENTIAL**

6  IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE

7  CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST

8  NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE,

9  OR TO PERSONS ASSISTING THOSE ATTORNEYS.

10      26. *Confidential Material in Hearings and Trial.* The provisions of this Order shall not

11  affect, and this Order does not limit, the admissibility of Confidential Material (or references to that

12  material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using

13  Confidential Material or the information contained therein at any hearing that is open to the public,

14  the party seeking to use the Confidential Material must give at least seven (7) days advance notice

15  to the producing party of the intent to use the Confidential Material so that the producing party may

16  seek an appropriate Court Order to protect the Confidential Material.

17  **X.     CONTINUING EFFECT OF THIS ORDER AND DUTY TO DESTROY**

18      27. This Order shall continue to be binding throughout and after the conclusion of this

19  litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including

20  the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or

21  non-party to whom any materials were produced shall, without further request or direction from the

22  Producing Party, promptly destroy all documents, items or data received including, but not limited

23  to, copies or summaries thereof, in the possession or control of any expert or employee. This

24  requirement to destroy includes all documents, not only those documents designated as Confidential

25  Material. The Receiving Party shall submit a written certification to the Producing Party by the 30-

26  day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any

27  copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and

28  (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or

any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

## XI. PROCEDURE IF CONFIDENTIAL MATERIAL IS REQUIRED TO BE PRODUCED

28.     If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, document, or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material.  The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

## XII. APPLICATION OF THIS ORDER TO PRODUCTIONS BY THIRD PARTIES

29.     This Order may be used by third parties producing documents in connection with this action.  Third parties may designate information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

30.     If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material.  In that case, it will be the burden of the party seeking protected status to move for a court

1 order designating the materials as Confidential Material after the Parties confer.

2    31.    In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

    32.    The Parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the Parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

    33.    This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

### XIII.  **NO ADMISSIONS**

    34.    Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential," shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "Confidential."

### XIV.  **MODIFICATION – FURTHER AGREEMENTS**

    35.    Nothing contained herein shall preclude any party from seeking from the Court, modification of this Stipulated Protective Order upon proper notice or shall preclude the Parties from entering into other written agreements designed to protect Confidential Information.

/ / /

/ / /

/ / /

/ / /

## XV. COUNTERPARTS

36. This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute one instrument.

DATED: June 24, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *James T. Conley*
James T. Conley
Caitlyn B. Emery
Attorneys for Defendants WALMART INC. and WAL-MART ASSOCIATES, INC.

DATED: June 24, 2025

SUTTON HAGUE LAW CORPORATION, P.C.

By: /s/ *Kelsey Gunderson*
S. Brett Sutton
Jared Hague
Kelsey E. Gunderson
Attorneys for Plaintiffs
SHREE KATTEL and SUPRAVA KATTEL

## SIGNATURE ATTESTATION

Pursuant to Local Rule 131(e), I hereby attest that concurrence in the filing of this document and its content has been obtained by all signatories listed.

Date: June 24, 2025

By: /s/ *James T. Conley*
James T. Conley

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND THEREBY

I hereby acknowledge receipt of and that I have read a copy of the Stipulation for Protective Order and Order (the "Order"), which I understand was made on _____, 2024, in the action entitled *Shree Kattel, et al. v. Walmart Inc., et al.*, Case No. 1:24-cv-01450-BAM, USDC, Eastern District of California. I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof. I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such Confidential Information except as permitted by the Order. I further understand that if I fail to comply with the terms of the Order, I may be subject to sanctions by the Court, and I hereby consent to personal jurisdiction in the State of California with respect to any matter relating to or arising out of the Order.

Executed this _____ day of _____, 2025, at _____, _____.
                                                              *City*              *State*


_____
*Signature*


Name:        _____

Affiliation: _____

Address:     _____

             _____

**ORDER**

The Court has reviewed the Stipulation Regarding Production of Confidential Documents and Proprietary Information filed by Defendants WALMART INC. and WAL-MART ASSOCIATES, INC. and Plaintiffs SHREE KATTEL and SUPRAVA KATTEL, through their counsel of record, requesting that the Court enter an Order.

Having considered the above stipulation, and finding good cause, the Court adopts the signed stipulated protective order, (Doc. 15), subject to the following:

<u>Paragraph 3(b), lines 5-7</u>: "Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information known to the public . . ." corrected to "Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information **not** known to the public . . ."

<u>Paragraph 13, lines 7-8</u>: "A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information . . ." corrected to "A producing party must give written notice to any receiving party **in order to assert** a claim of privilege, work-product protection, or other ground for reclaiming documents or information . . ."

<u>Paragraph 25, lines 2-3</u>: "In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court or as described in paragraph (25) above . . ." corrected to "In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court or as described in paragraph (**24**) above . . ."

<u>Paragraph 33</u> is struck and hereby omitted.

<u>Exhibit A, lines 4-5</u>: "I hereby acknowledge receipt of and that I have read a copy of the Stipulation for Protective Order and Order (the "Order"), which I understand was made on _____, 2024 . . ." corrected to "I hereby acknowledge receipt of and that I have read a copy of the Stipulation for Protective Order and Order (the "Order"), which I understand was made on _____, **2025** . . ."

1. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated: **June 26, 2025**              /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE